UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |
| DARHEATUS LLOYD,<br><br>      Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC.; ABBVIE, INC.,<br><br>      and<br><br>Does 1-25, inclusive.<br><br>      Defendants. | **MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Civil Action No.: 1:15-cv-00730 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE
DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**

Plaintiff Dartheatus Lloyd, by and through the undersigned counsel, herby submits this Response in Opposition to the Defendants' Motion to Dismiss with Prejudice in the above-captioned case. This opposition is based on the reasons set forth below, and on such further arguments as may be presented at the time of oral argument (if any).

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiff Dartheatus Lloyd ("Plaintiff") filed a complaint in MDL No. 2545 against moving parties Abbot Laboratories Incorporated and AbbVie Incorporated ("Defendants" or

1

"Abbot") on January 26, 2015. The complaint caption contains a misnomer, indicating Mr. Lloyd's name as "Darheatus" rather than "Dartheatus." The complaint has not yet been amended for the reasons included herein.

Mr. Lloyd's Plaintiff Fact Sheet ("PFS") was due on May 8, 2015. Plaintiff timely requested an extension to complete the PFS from Defendants' counsel, Mr. Boisvert, on May 7, 2015. *See* Affidavit of Stephen T. Blackburn in support of Counsel's Motion for Leave to Withdraw as Counsel for Plaintiff, attached as Exhibit 1. However, on that same day Mr. Boisvert responded that he would not grant any extensions for plaintiffs who were part of the CMO No. 14 bellwether pool. *Id.* Plaintiff's Counsel requested this extension because counsel was having a difficult time locating the Plaintiff. Despite diligent efforts to communicate with Plaintiff to complete the PFS, the final deadline passed without submission. To this day, Plaintiff's Counsel has made repeated and numerous attempts to contact Mr. Lloyd regarding his discovery obligations, but Mr. Lloyd will no longer communicate with Counsel whether by phone, e-mail or written correspondence. *See* Plaintiff's Counsel's Motion for Leave to Withdraw as Counsel, attached as Exhibit 2.

On May 8, 2015, Plaintiff's Counsel made one final written attempt to contact Mr. Lloyd before filing a motion to withdraw as counsel.[1] In this letter, Plaintiff's counsel stated that the PFS and Authorizations were due to Defendants on May 8, 2015 and were now overdue. Furthermore, the letter stated that Plaintiff's counsel would be withdrawing from his case if the PFS and Authorizations were not returned expeditiously. On May 20, 2015, Plaintiff's counsel phoned Mr. Lloyd one more time and left him a detailed message stating that Plaintiff's counsel would be asking the Court for permission to withdraw from his case.

---

[1] Plaintiff's counsel will make this attorney-client communication available to the Court for *in camera* review if the Court so instructs.

*See* Exhibit 1. Plaintiff's counsel then filed a motion to withdraw as counsel on June 3, 2015. Counsel for Defendants indicated no objection to Plaintiff's Counsel's Motion for Leave to Withdraw. However, since that time, Defendants filed this motion to dismiss on July 6, 2015, despite the knowledge Plaintiff's counsel was seeking to withdraw from representing Plaintiff due to the failure of communication.

In the meantime, this Court heard counsel's motion to withdraw on July 7, 2015. That motion was denied without prejudice. The Court requested additional information about the specific efforts undertaken to contact Mr. Lloyd. Plaintiff's counsel renewed that motion on July 23, 2015 with an accompanying affidavit providing the additional details requested by the Court and that motion is pending a hearing on August 6, 2015.

Plaintiff concedes that his PFS was not timely received by Defendants on May 8, 2015. However, Defendants did not meet and confer regarding the late PFS with Plaintiff's Counsel, but rather filed this Motion to Dismiss with Prejudice. This instant motion could have easily been at least partially rectified with a simple meet and confer conference.

## ARGUMENT

Plaintiff acknowledges that under Fed. R. Civ. P. 41(b) a district court may dismiss an action for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). However, "[a] dismissal with prejudice is a harsh sanction which should usually be employed **only in extreme situations**, when there is a clear record of delay or contumacious conduct, **or when other less drastic sanctions have proven unavailing**." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983) (Emphasis added.)

Defendants correctly point out that Plaintiff's failure to satisfy the requirements of Case Management Order No. 9 ("CMO 9") by way of submission of the PFS may warrant dismissal of

3

this case. However, the Defendants' request an extreme remedy in a Dismissal with Prejudice. As explained in Plaintiff's Counsel's filed Motion to Withdraw as Counsel, "Counsel has made repeated and numerous attempts to contact Mr. Lloyd, but Mr. Lloyd will no longer communicate with Counsel whether by phone, e-mail or written correspondence." (*See* Exhibit 2). As Plaintiff's Counsel has been unable to communicate with Plaintiff, it is impossible to be able to properly ascertain the reasons for Plaintiff's lack of communication or lack of submission of the PFS. A common scenario in these types of cases is that a well-intended Plaintiff is unable to be reached, or unable to complete the PFS, because of the circumstances existing in his life: Death, severe injury, incapacitation and/or prolonged hospitalization are all examples of potential reasons for Plaintiff's lack of communication with Plaintiff's Counsel. For this reason, the drastic measure of a dismissal with prejudice would be unduly harsh given the unknown explanation for non-compliance.

Further, Plaintiff has not engaged in any pattern of discovery abuse. Rather, Plaintiff's failure to timely serve his PFS is the only suggestion of wrongdoing, and it was the result of Plaintiff's Counsel not being able to communicate with Mr. Lloyd. To that extent, Plaintiff's Counsel believes that a Dismissal of Plaintiff's case with Prejudice, as Defendants recommend, would be too harsh of a remedy and would not meet the standard of fairness deserved by the Plaintiff. Further, Dismissal with Prejudice is a harsh remedy that does not fit the circumstances of Plaintiff's failure to comply with CMO 9 or Plaintiff's Counsel's pending Motion to Withdraw as Counsel.

## CONCLUSION

In sum, dismissal with prejudice solely because of Plaintiff's late PFS is vastly disproportionate to any harm suffered by Defendants where the explanation for the non-

5

compliance is unknown. For these reasons, Plaintiff respectfully requests the Court deny Defendants' Motion in its entirety.

Dated July 27, 2015

*[signature: Stephen Blackburn]*

Stephen T. Blackburn
sblackburn@baronbudd.com
(TX Bar No. 24043555)
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel: 214-521-3605
Fax: 214-520-1180